| | |
|---|---|
| SHEILA R. ROBINSON | NUMBER: "_____" SEC.: "____" |
| VERSUS  18-3679 | 4TH JUDICIAL DISTRICT COURT |
| MICHAEL TROIA, LOCKTON, INC., and HARTFORD FIRE INSURANCE COMPANY | PARISH OF OUACHITA<br>STATE OF LOUISIANA |

FILED NOV 0 9 2018
CHELSEA JONES

*********************************************************

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes petitioner, SHEILA R. ROBINSON, a resident of the full age of majority and domiciled in the Parish of Ouachita, State of Louisiana, who respectfully represents that:

1.

Made defendants herein are:

A. **MICHAEL TROIA**, a person of the full age of majority whose domicile, on information and belief, is 24640 Marion Ridge Drive, Idyllwild, California 92547;

B. **LOCKTON, INC.**, on information and belief, is a domestic corporation not licensed to do and doing business in the State of Louisiana; and

C. **HARTFORD FIRE INSURANCE COMPANY**, on information and belief, a foreign insurance company licensed to do and doing business in the State of Louisiana whose agent for service is The Secretary of the State of Louisiana, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

2.

The defendants herein are individually and jointly indebted unto the plaintiff for such damages as are reasonable in the premises, together with legal interest thereon, from the date of judicial demand until paid, and for all costs of these proceedings, for the following non-exclusive reasons.

3.

On or about November 16, 2017, an automobile collision occurred involving two (2) vehicles, more particularly described as follows: (1) a 2017 Toyota Corolla, V.I.N. 5YFBURHE6HP600038, owned by **AIRLINE CAR RENTAL, INC.**, rented by **LOCKTON, INC.**, and being driven and/or operated, with permission, by its employee, **MICHAEL TROIA**; and (2) a 2004 Toyota Camry, V.I.N. 4T1BE32KX4U373700, owned and being driven by **SHEILA R. ROBINSON**.

4.

The automobile collision occurred on Louisiana Highway 2 in Ouachita Parish, Louisiana. Upon information and belief, petitioner, **SHEILA R. ROBINSON**, was

CASE ASSIGNED TO:
CV. SECT. 5

traveling eastbound on Louisiana Highway 2 when **MICHAEL TROIA** crashed into the rear of Ms. Robinson's vehicle. **MICHAEL TROIS** was traveling eastbound on Louisiana Highway 2, directly behind the vehicle being driven by **SHEILA R. ROBINSON**, when **MICHAEL TROIA** looked down and struck the rear of the vehicle driven by the petitioner, **SHEILA R. ROBINSON**, with tremendous force. **MICHAEL TROIA** was negligent in that he failed in his responsibility to maintain a sharp lookout and/or that he followed at a distance from the petitioner's vehicle that was insufficient as to allow him to stop safely under the circumstances, thus causing the collision herein sued upon. As a result of **MICHAEL TROIA'S** failure to slow down, stop, travel at a distance behind the preceding motorist that was sufficient as to allow him to stop safely, and/or see that which he should have seen, **MICHAEL TROIA** thus caused severe injuries, expenses, and damages to the plaintiff, **SHEILA R. ROBINSON**.

5.

As a result of the sudden and unforeseen collision, petitioner, **SHEILA R. ROBINSON**, sustained serious injuries to her person including, but not limited to, injuries to her back, neck, legs, head accompanied with headaches, and emotions, all of which have required her to seek appropriate medical care, attention, treatment, and evaluations from medical providers of her choice.

6.

At the time of the occasion in question, **MICHAEL TROIS**, while operating said vehicle in the scope of his employment, failed to use ordinary care by various acts and omissions, including the following, each of which singularly or in combination with others, was a proximate cause of the occurrence in question:

- A. In failing to keep a proper lookout;
- B. In failing to maintain control of the vehicle;
- C. In failing to take necessary actions to avoid the collision;
- D. In failing to see what should have been seen;
- E. In failing to use such diligence and care in the operation and control of the vehicle as is commensurate with the circumstances;
- F. In failing to act as a reasonable person under the then prevailing circumstances;
- G. Interfering with controlling traffic on the roadway;
- H. In failing to exercise reasonable care;
- I. In failing to act with a duty of great care and breaching his duty of great care to the preceding motorist;
- J. In following too closely;
- K. In failing to follow the preceding motorist at an interval as would enable him to avoid a collision;
- L. In failing to closely observe the preceding motorist;

M. In failing to maintain an appropriate speed or distance behind the preceding motorist;
N. In failing to have due regard for the traffic upon and the condition of the roadway; and
O. In failing to protect other drivers on the roadway from bodily injury and property damage due to his negligence.

7.

Petitioner alleges that, on information and belief, defendant, **HARTFORD FIRE INSURANCE COMPANY**, issued a policy of liability insurance to **LOCKTON, INC.**, which policy covered such acts of negligence and said policy was in full force and effect on the date and at the time of the collision herein sued upon. Thus, **HARTFORD FIRE INSURANCE COMPANY** is liable unto the plaintiff for all of the special damages and general damages sustained by the plaintiff as the liability insurance carrier for the defendant, **LOCKTON, INC.**

8.

As a result of the motor vehicle collision herein sued upon, petitioner, **SHEILA R. ROBINSON**, sustained damages including, but not limited to, past and future loss of enjoyment of life, inconvenience, embarrassment, past and future pain and suffering, past and future mental anguish and emotional distress, past and future medical expenses, past and future loss of household services, past and future loss of earnings, past and future loss of earning capacity, past and future disability, past and future physical impairment, lost wages, lost vacation time, lost fringe benefits, prescription expenses, loss of use, loss of value of her vehicle, diminution of value of her vehicle, property damage related expenses, medical related expenses and bills, and all non-economic damages.

9.

Petitioner, **SHEILA R. ROBINSON**, shows that a cause of the subject motor vehicular crash, in whole or in part, was as a result of the fault, negligence, and carelessness, of **MICHAEL TROIA**, for which **MICHAEL TROIA, LOCKTON, INC.**, and **HARTFORD FIRE INSURANCE COMPANY** are responsible in the following particulars:

A. Failure of Michael Troia to keep a proper lookout for other vehicles such as the vehicle in which Sheila R. Robinson was operating;
B. Failure of Michael Troia to keep his vehicle under proper control at the time of the subject motor vehicular collision;
C. Failure of Michael Troia to see what should have been seen;
D. Failing to properly train Michael Troia on the company's driving standards; and

3

E. Negligently entrusting the subject vehicle to Michael Troia.

10.

Defendant driver, **MICHAEL TROIA**, was at all times operating the vehicle within the course and scope of his employment with **LOCKTON, INC**. Therefore, **LOCKTON, INC.** is legally and vicariously liable, under the theory of respondeat superior, for the negligent conduct of its employee, **MICHAEL TROIA**.

11.

Upon information and belief, the automobile collision on November 16, 2017, which was caused by the negligence and/or inattentiveness of the defendant driver, Michael Troia, directly caused or either aggravated any pre-existing injuries to the plaintiff, **SHEILA R. ROBINSON**.

12.

Upon information and belief, it is widely believed that the defendant driver, Michael Troia, takes full and complete responsibility for causing the collision sued on herein.

13.

Petitioner has not been compensated for the damages sustained as a result of the motor vehicle accident herein sued upon.

14.

Petitioner specifically plead the doctrine of <u>res ipsa loquitur</u>.

15.

Petitioner requests that all expenses incurred by plaintiff be taxed as costs.

16.

Plaintiff desires to have this Honorable Court fix the fees of each and every expert witness that the plaintiff may be required to use to establish her cause of action and to tax same as costs of court.

**WHEREFORE**, premises considered, petitioner prays that a copy of this petition be served upon the defendants in the manner prescribed by law and that, after due proceedings are had and after all legal delays, there be judgment in favor of petitioner, **SHEILA R. ROBINSON**, and against the defendants, **MICHAEL TROIA, LOCKTON, INC., and HARTFORD FIRE INSURANCE COMPANY**, individually and jointly, for such

damages as are reasonable in the premises, together with legal interest thereon, from the date of judicial demand until paid, for all costs of these proceedings and for all other and further relief to which the plaintiff may be entitled.

Respectfully Submitted:

**THE LAW FIRM OF EDDIE CLARK & ASSOCIATES, L.L.C.**
1001 Century Boulevard
Monroe, Louisiana 71202
Phone: (318) 361-9697
Fax: (318) 361-9889

BY: _____
Eddie M. Clark
Louisiana Bar Roll No. 29551

**PLEASE SERVE:**

**HARTFORD FIRE INSURANCE COMPANY**
Through Its Registered Agent for Service:
The Secretary of the State of Louisiana
8585 Archives Avenue
Baton Rouge, Louisiana 70809

**LOCKTON, INC.**
**Through its Vice President:**
Eugenie Guillot
1100 Poydras Street, Suite 1800
New Orleans, Louisiana 70163

**PLAINTIFF WILL SERVE VIA LOUISIANA LONG-ARM STATUTE:**

**MICHAEL TROIA**
24640 Marion Ridge Drive
Idyllwild, California 92547